The Honorable Fred Lorentz District Judge 31st Judicial District 9 East Main Chanute, Kansas 66720
Dear Judge Lorentz:
You inquire regarding the application of the Kansas Tort Claims Act (Act) to the members of the 31st Judicial District Juvenile Corrections Advisory Board and the persons responsible for implementing the plan for juvenile correctional services.
Generally, the Act provides for liability of a governmental entity for damages caused by the negligent or wrongful acts of its employees while acting within the scope of their employment.[1] "Governmental entity" includes a "municipality."[2] A "municipality" includes "any county . . . or any agency, authority . . . or other instrumentality thereof."[3]
An "employee" is "any employee . . . or member of a board . . . of a governmental entity, including . . . appointed officials and persons acting on behalf or in service of a governmental entity in any official capacity."[4]
In order to determine whether the Act applies to the members of the 31st Judicial District Juvenile Corrections Advisory Board and the individuals responsible for implementing the plan for juvenile correctional services, it is necessary to review the Juvenile Justice Reform Act of 1996 which mandates the establishment of juvenile corrections advisory boards.[5]
The Juvenile Justice Reform Act requires each judicial district to develop and implement a juvenile justice program that is approved by the Commissioner of Juvenile Justice.[6] The program must include, among other things, local prevention services, juvenile intake and assessment, juvenile detention, attendant care, intervention programs, aftercare services, graduated sanctions programs, probation programs, and conditional release programs.[7] Each county is required to establish a juvenile corrections advisory board and adopt a comprehensive plan for juvenile correctional services.[8] Alternatively, a county can enter into an agreement with other counties to establish such a program.[9]
Grant funding to counties is available from the Commissioner of the Juvenile Justice Authority.[10]
Juvenile corrections advisory boards are responsible for "[participating] in the formulation of the comprehensive plan" and making recommendations to the Board of County Commissioners on an annual basis concerning the plan and its implementation.[11] K.S.A. 75-7044(d) allows a group of cooperating counties to determine the membership of the advisory board. Generally, the members are representatives from law enforcement, prosecution, the judiciary, education, corrections, social services and the general public.[12]
In June of 1999, the counties that comprise the 31st Judicial District[13] entered into a cooperative agreement to establish a juvenile corrections advisory board and adopt a comprehensive plan for juvenile correctional services.[14] The agreement provided that members of the advisory board would be selected by the counties.[15]
As stated previously, K.S.A. 75-7052 and 75-7046 require counties to establish a juvenile corrections advisory board for the purpose of formulating a comprehensive plan for juvenile correctional services and making recommendations to the board or boards of county commissioners concerning implementation and operation of the plan. Clearly, a juvenile corrections advisory board is a "governmental entity" for purposes of the Kansas Tort Claims Act because such board is an "agency . . . or other instrumentality" of the county or counties that created it. Therefore, the members of a juvenile corrections advisory board are "employees" for purposes of the Act.
Regarding the application of the Act to persons employed to implement the plan for juvenile correctional services, K.S.A. 75-7042 provides, in part:
 "[To] provide for the correctional services described in K.S.A. 75-7038. . . a county or group of cooperating counties, through their boards of county commissioners, or administrative bodies established by cooperating counties, may:
. . . .
 "(c) determine and establish the administrative structure best suited to the efficient administration and delivery of such correctional services;
 "(d) employ a director and such other officers, employees, and agents as deemed necessary to carry out the provisions of K.S.A. 75-7038 through 75-7053;" (emphasis added).
The interlocal agreement for the 31st Judicial District designates Allen County as the administrative county for purposes of receiving grant funding. Allen County is authorized to employ a director and other employees and agents necessary to implement the plan for juvenile correctional services.[16] Moreover, the grant funding agreement between Allen County and the Juvenile Justice Authority requires Allen County to "provide staff that meet qualifications set by [Allen County] to assure [that] quality juvenile offender services are provided."[17]
However, it appears that the Juvenile Justice Authority allows a county to delegate staff hiring and employment termination decisions to the juvenile corrections advisory board.[18]
Clearly, the director and employees selected to implement the juvenile correctional services plan for the 31st Judicial District are "employees" of a governmental entity for purposes of the Kansas Tort Claims Act regardless whether they are employed by Allen County or the Juvenile Corrections Advisory Board for the 31st Judicial District.
We also note that a governmental entity or an employee acting within the scope of the employee's employment gernerally will not be liable for damages resulting from "any claim arising from providing a juvenile justice program to juvenile offenders, if such juvenile justice program has contracted with the commissioner of juvenile justice."[19]
Summarizing, it is our opinion that the 31st Judicial District Corrections Advisory Board is a governmental entity for purposes of the Kansas Tort Claims Act and, therefore, the Act applies to its members. Moreover, the Act also applies to those persons who are employed by a governmental entity to implement the plan for juvenile correctional services.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 75-6103.
[2] K.S.A. 75-6102.
[3] K.S.A. 75-6102.
[4] Id.
[5] K.S.A. 75-7022 et seq.
[6] K.S.A. 75-7033(g).
[7] K.S.A. 75-7033(h).
[8] K.S.A. 75-7052(a)(1).
[9] K.S.A. 75-7052(a)(2).
[10] K.S.A. 75-7038.
[11] K.S.A. 75-7046.
[12] K.S.A. 75-7044.
[13] Allen, Neosho, Wilson, and Woodson counties.
[14] Interlocal Cooperation Agreement for Juvenile Corrections Services in the 31st Judicial District.
[15] Note 14, supra at 2; K.S.A. 75-7045(d).
[16] Note 14, supra at 1.
[17] Conditions of Grant from Kansas Juvenile Justice Authority tothe Allen County Board of County Commissioners, 2.
[18] Funding Instructions issued by the Kansas Juvenile Justice Authority in July, 1999, subsection D.
[19] K.S.A. 1998 Supp. 75-6104(v).